## EX PARTE JAMES P. MARTIN.

STATE REVENUE STAMPS ON FOREIGN BILLS.  The statute requiring the fixing of revenue stamps to foreign bills of exchange (Stats. 1871, 142) is not a regulation of commerce between this and other states, nor does it lay an impost or duty on exports within the meaning of Art. I, Secs. 8 and 10 of the United States constitution.

CONSTITUTIONALITY OF STATE STAMP ACT.  The enactment of the statute imposing a revenue stamp upon bills of exchange drawn in this state upon another state, (Stats. 1871, 142) was a legitimate exercise by the state of its inherent and unsurrendered power of taxation.

HABEAS CORPUS before the Supreme Court. It appears that the petitioner in April, 1871, at the city of Virginia, drew and issued a bill of exchange for $500, made payable at the city of San Francisco, California, without affixing a stamp thereto in accordance with the provisions of the state stamp act. Being prosecuted therefor before Wm. Livingston, a justice of the peace in Virginia City, and found guilty of misdemeanor, he was sentenced to pay a fine of $50, in default of which payment he was imprisoned in the county jail of Storey County. It was from such imprisonment that he was taken before the Supreme Court on this writ.

*Wm. S. Wood*, for Petitioner.

I. By the Act of 1871, no stamp is required upon a bill of exchange drawn singly in this state, but payable at sight or on demand, in another state. The law provides that inland bills, drawn at sight or on demand, are exempt from the payment of any stamp duty, and that foreign bills, drawn singly, or otherwise than in a set of three or more, are required to pay the same duty as inland bills. Whatever, therefore, exempts an inland bill must necessarily have the same effect upon a foreign one. And as the making of an inland bill payable at sight or on demand frees it from stamp duty, a foreign bill, drawn in the same way, is free also.

II. The act is void, because in conflict with Art. I, Secs. 8 and 10, of the United States constitution. It is a regulation of commerce between this and other states and foreign countries, and it also lays an impost or duty on exports from this state and imports into the same. *Almy* v. *The People of the State of California*, 24 Howard, 172 ; *The Carson River Lumbering Company* v. *Patterson*, 33 Cal. 334 ; *Brown* v. *Maryland*, 12 Wheaton, 448 ; *Western Union Telegraph Co.* v. *Atlantic and Pacific States Telegraph Co.*, 5 Nevada, 107 ; *Gibbons* v. *Ogden*, 9 Wheaton, 1 ; *People* v. *Raymond*, 34 Cal. 495 ; *Crandall* v. *State of Nevada*, 6 Wallace, 35 ; *Sinnot* v. *Davenport*, 22 Howard, 227 ; *Ex parte Crandall*, 1 Nevada, 294.

*L. A. Buckner*, Attorney General, for the State.

Ex parte James P. Martin.

By the Court, GARBER, J. :

The statute under which the petitioner was convicted, (Stats. of 1871, 142) requires the affixing of a stamp to such a bill as that drawn by him. It levies upon foreign bills the same rate of duty imposed upon inland bills ; but it does not extend to the former the exemption accorded to the latter.

The statute is not a regulation of commerce between this and other states, nor does it lay an impost or duty on-exports, within the meaning of Secs. 8 and 10 of Art. I of the constitution of the United States. Though this may not have been directly decided by the Supreme Court of the United States, it follows from and is the necessary result of the reasoning of that court in *Nathan* v. *Louisiana*, 8 How. 73, and *Paul* v. *Virginia*, 8 Wallace, 168. In *Paul* v. *Virginia*, the proposition that foreign bills of exchange, although instruments of commerce, are the subjects of state regulation and may be subjected to direct state taxation, is assumed as the logical result of the principle enunciated in *Nathan* v. *Louisiana*. This assumption was not a mere *dictum*, but was virtually a decision affirming the proposition thus made the basis of the later adjudication, and to the consideration of which as " a main part of the argument," the attention of the court was pointedly directed. 5 Taunton, 159. It is also fully sustained by the argument of Chief Justice Taney, in the *Passenger cases*. He says : " I may, therefore, safely assume that, according to the true construction of the constitution, the power granted to congress to regulate commerce did not in any degree abridge the power of taxation in the states. They are expressly prohibited from laying any duty on imports or exports, except what may be absolutely necessary for executing their inspection laws, and also from laying any tonnage duty. So far, their taxing power over commerce is restrained, but no further. They retain all the rest; and if the money demanded is a tax upon commerce or the instrument or vehicle of commerce, it furnishes no objection to it, unless it is a duty on imports or a tonnage duty, for these alone are forbidden."

A bill of exchange is neither an export nor an import, but it would make no difference if it were ; for the term " export," in

the clause of the constitution referred to, embraces only articles exported to foreign countries, and does not include those exported from one state into another.   8 Wallace, 123.   It follows that the enactment of the statute in question was a legitimate exercise by the state of her inherent and unsurrendered power of taxation. The petitioner is remanded to the custody whence he came.